UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wilda Fox, Plaintiff(s),

vs.

TransUnion, LLC et al., Defendant(s).

Case No. 1:17-cv-362

District Judge Timothy S. Black
Magistrate Judge _____

RULE 26(f) REPORT OF PARTIES
(to be filed not later than seven days prior to the preliminary pretrial conference)

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on 8/30 - 9/5/18, and was attended by:

Benjamin M. Sheridan, counsel for plaintiff(s) Wilda Fox,

John N. Ellem, counsel for plaintiff(s) Wilda Fox,

_____, counsel for plaintiff(s) _____,

William Brown, counsel for defendant(s) Trans Union, LLC,

Nathan Blaske and Tyler Ibom, counsel for defendant(s) Citibank and Equifax respectively,

David J. Dirisamer, counsel for defendant(s) Chase Bank USA, N.A.,

Emmett Robinson and Kelli A. Lee, counsel for defendant(s) Experian and Bank of America respctively.,

2. The parties:

____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

✓ will exchange such disclosures by 9/24/2018                                    .

____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

✓ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

10/24/18

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: 10/9/18

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial: (See attached sheet also). Information concerning financial accounts related to Wilda Fox. Credit reports related to Wilda Fox. And reinvestigation related to Wilda Fox. Chase anticipates that traditional written and oral discovery will be necessary, and that such topics will include without limitation

   Plaintiff's allegations in her First Amended Complaint, the bases of her assertions of Chase's liability and her purported damages, as well as Plaintiff's use and benefit of

   traand payments to the Chase credit card account at issue, any persons she permitted to use the account, and related matters as raised in Chase's defenses"

2

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?
No.

c. Additional recommended limitations on discovery:
**The parties adopt the discovery provisions in the Federal Rules of Civil Procedure.**

d. Recommended date for the disclosure of lay witnesses:
**See rule 26(a)(1) disclosure.**

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).
The parties have not yet retained experts, but reserve the right to do so. Expert testimony will likely **be in the area of financial records and credit reporting, as well as Plaintiff's purported damages (Chase)**

f. Recommended date for disclosure and report of Plaintiff(s) expert(s):
**1/23/2019**

3

g. Recommended date for disclosure and report of Defendant(s) expert(s):

3/25/2019

h. Recommended date for disclosure and report of rebuttal expert(s):

4/15/2019

i. Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

✓ Yes

___ No

   i. The parties have electronically stored information in the following formats:

Electronic credit reporting information and electronic financial records.

   ii. The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:

Chase would add that, "Counsel for the Parties are experienced with the production of electronically stored informations (ESI) and counsel

are further experienced in collecting and producing the same. The Parties will work together to efficiently exchange ESI in an agreed format.

Parties anticipate that to the extent ESI will be produced, it will be largely produced in a TIFF or PDF format, or in its native electronic format,

provided that such format is accessible and usable through applications reasonably available to the non-producing party." (Continued on attached sheet)

j. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

✓ Yes

___ No

4

      i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:
The parties will submit an agreed protective order.

      ii. Have the parties agreed on a procedure to assert such claims **AFTER** production?

\_\_\_\_ No

✓ Yes

\_\_\_\_ Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: **5/31/2019**

8. Recommended dispositive motion date: **7/31/2019**

9. Recommended date for status conference (if any): **9/16/2019**

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:
Plaintiff and some Defendants are agreeable to mediation. Chase and Experian cannot commit to mediation at this time. TransUnion would prefer a settlement conference after some discovery has been exchanged.

11. Recommended date for a final pretrial conference: **8/9/2019**

12. Has a settlement demand been made? Yes as to some defendants  A response? Yes as to some defendants.

Date by which a settlement demand can be made: _____

Date by which a response can be made: _____

13. Other matters pertinent to the scheduling or management of this litigation:
Citibank contends that Plaintiff's alleged claims are subject to arbitration and a Motion To Compel Arbitration and Stay Claims was filed on September 5, 2018

If the Motion is granted, the referral to arbitration would preclude the application of some or all of the deadlines in this report as **between Citibank and Plaintiff**

5

Signatures:

Attorney(s) for Plaintiff(s):    Attorney(s) for Defendants(s):

John N. Ellem
Ohio Bar # 62842
Trial Attorney for Plaintiff, Wilda Fox

David J. Dirisamer
Ohio Bar # 0092125
Trial Attorney for Chase Bank USA, N.A.

Ben Sheridan
Ohio Bar # Pro Hace Vice
Trial Attorney for Plaintiff, Wilda Fox

Emmett Robinson
Ohio Bar # 88537
Trial Attorney for Experian IInformation Solutions

Ohio Bar #
Trial Attorney for

Kelli Lee
Ohio Bar # 309770
Trial Attorney for Bank of America

Ohio Bar #
Trial Attorney for

Nathan Blaske
Ohio Bar # 0076460
Trial Attorney for Citibank, N.A.

Tyler Ibom
Ohio Bar # 85928
Trial Attorney for Equifax InformationServices

William Brown
Ohio Bar # Indiana Bar# 26782-48 (admitted SD OH)
Trial Attorney for Trans Union, LLC

Rev. 12/2016

6

Attachment to Rule 26(f) report:

6a:   *Trans Union intends to take discovery regarding Plaintiff's fraud allegations, Plaintiff's disputes to Trans Union, furnishers' verifications and Plaintiff's claimed damages.*

6 I (ii)  TransUnion and other defendants have also offered:

*The Parties do not believe that this case is suitable for electronic discovery, but are amenable to producing any electronically stored information in hard copy or in .pdf format as an initial matter.  Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.*