UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILDA FOX,

      Plaintiff,

vs.

TRANSUNION, LLC, *et al.*,

      Defendants.

Case No. 1:17-cv-362

Judge Timothy S. Black

**ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL ARBITRATION (Doc. 55)**

This civil action is before the Court on Defendant Citibank, N.A. ("Citibank")'s motion to compel arbitration (Doc. 55) and the parties' responsive memoranda (Docs. 61, 62).

**I. BACKGROUND**

This case arises out of allegedly fraudulent charges made on, and claims of inaccurate credit reporting of, Plaintiff's Citibank credit card account (the "Account").[1] Plaintiff claims she was a victim of fraudulent charges on the Account. Plaintiff contends that Citibank eventually acknowledged the fraud and refunded some, but not all of the money allegedly owed to her. (*Id.* at ¶¶ 82–83). Plaintiff claims that Citibank violated the Fair Credit Reporting Act ("FCRA") and defamed her by reporting her disputed charges to credit reporting agencies. (*Id.* at ¶¶ 134–45). Citibank now seeks to compel arbitration of these claims pursuant to the arbitration agreement (the "Arbitration

---

[1] The Account at issue is a Citibank Simplicity MasterCard account with the last four digits 3591. (Doc. 55-1 at ¶ 4).

Provision") between Plaintiff and Citibank contained in the credit card agreement governing Plaintiff's account (the "Account Agreement").

It is undisputed that Plaintiff had a contract for services with Citibank. (Doc. 47 at ¶ 16). That Account Agreement between Plaintiff and Citibank provides:

> This Agreement is a contract between you and us regarding the account. It applies if you use or authorize use of the card or you don't close the account within 30 days after we issue the card.

(Doc. 55-1 at PAGEID # 564).

The Arbitration Provision in the Account Agreement, in relevant part, provides:

## ARBITRATION

*PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.*

> **It provides that disputes may be resolved by binding arbitration. Arbitration replaces the right to go to court, have a jury trial or initiate or participate in a class action. In arbitration, disputes are resolved by an arbitrator, not a judge or jury. Arbitration procedures are simpler and more limited than in court.**
>
> This arbitration provision is governed by the federal arbitration act (FAA), and shall be interpreted in the broadest way the law will allow.
>
> **What claims are covered?**
>
> You or we may arbitrate any claim, dispute or controversy between you and us (called "Claims"). All Claims (whether based on contract, tort, statute, or any other basis) arising out of or related to your account, a previous related account or our relationship may be arbitrated. This includes Claims made by or against anyone connected with us or you, or by someone making a claim through us or your, such as a co-applicant, authorized user, employee, agent, representative, or an affiliated/parent/subsidiary company.

2

* * *

**How does arbitration work?**
Arbitration shall be conducted by the American Arbitration Association ("AAA") according to the applicable AAA arbitration rules and procedures ("AAA Rules").

* * *

**Who pays for arbitration fees?**
We will pay your share of the arbitration fee for Claims of $75,000 or less if they are unrelated to debt collection. Otherwise, arbitration fees will be allocated according to the AAA Rules. If we prevail, we may not recover our arbitration fees, unless the arbitrator decides your Claim was frivolous. All parties are responsible for their own attorney's fees, expert fees and any other expenses, unless the arbitrator awards such fees or expenses to you or us based on applicable law.

(*Id.* at PAGEID # 567–68.)

## II. STANDARD OF REVIEW

In considering a motion to compel arbitration, "courts treat the facts as they would in ruling on a summary judgment motion, construing all facts and reasonable inferences that can be drawn therefrom in a light most favorable to the nonmoving party." *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003); *see also Ackison Surveying, LLC v. Focus Fiber Solutions, LLC*, Case No. 2:15-cv-2044, 2016 WL 4208145 (S.D. Ohio Aug. 10, 2016) (following *Raasch*). Therefore, the court will look to the documents provided by the parties to lay the factual foundation and will construe those facts and any reasonable inferences that can be drawn therefrom in the light most favorable to Plaintiff. Yet, in order to defeat a motion to compel arbitration, the nonmovant has the burden to "show a genuine [dispute] of material fact as to the validity of the agreement to arbitrate."

3

*Danley v. Encore Capital Group, Inc.*, 680 Fed. Appx. 394, 397 (6th Cir. 2017) (quoting *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 899 (6th Cir. 2002).

When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural polices to the contrary"). Any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Stout*, 228 F.3d at 714. The "primary purpose" of the FAA is to ensure "that private agreements to arbitrate are enforced according to their terms." *Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford, Jr. Univ.*, 489 U.S. 468, 479 (1989).

Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties, stay the trial of the action until such arbitration has been had in accordance with the terms of the Agreement, provided the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Section 3 thus "requires" a court in which suit has been brought "upon any issue referable to arbitration under an agreement in writing for such arbitration to stay the

4

court action pending arbitration once it is satisfied that the issue is arbitrable under the agreement." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967); *see also Santos v. Am. Broad. Co.*, 866 F.2d 892, 894 (6th Cir. 1989) ("Where the parties to a contract that provides for arbitration have an arbitrable dispute, it is crystal clear that Congress has mandated that federal courts defer to contractual arbitration").

In considering a motion to compel arbitration under the FAA, a court has four tasks: (1) it must determine whether the parties agreed to arbitration; (2) it must determine the scope of the arbitration agreement; (3) if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and (4) if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Stout*, 228 F.3d at 714.

The Sixth Circuit applies "the cardinal rule that, in the absence of fraud or willful deceit, one who signs a contract which he has had an opportunity to read and understand, is bound by its provisions." *Allied Steel & Conveyors, Inc. v. Ford Motor Co.*, 277 F.2d 907, 913 (6th Cir. 1960). It is settled authority that doubt regarding the applicability of an arbitration clause should be resolved in favor of arbitration. *Id.* Indeed, "any doubts are to be resolved in favor of arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007). If parties contract to resolve their disputes in arbitration rather than in the courts, a party may not renege on that contract absent the most extreme circumstances. *Allied Steel &*

*Conveyors*, 277 F.2d at 913. Furthermore, a district court's duty to enforce an arbitration agreement under the FAA is not diminished when a party bound by the agreement raises claims arising from statutory rights. *Id.*

### III. ANALYSIS

#### A. The parties agreed to arbitration

Citibank contends that Plaintiff's application for and use of the Credit Card constituted acceptance of the terms of the Cardmember Agreement, including the Arbitration Provision. (Doc. 55 at 5–10). Plaintiff's complaint supports this argument as it concedes Plaintiff applied for the Account, used the Account, and had a contract with Citibank. (Doc. 47 at ¶¶ 16–17).

In determining whether parties have agreed to arbitrate specific disputes, courts generally consider the applicable state law concerning contract formation. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Citibank contends, and Plaintiff does not dispute, that a South Dakota choice-of-law provision in the Account Agreement applies here. *See Heiges v. JP Morgan Chase Bank, N.A.*, 521 F. Supp. 3d 641, 646 (N.D. Ohio 2007) ("Under Ohio law, a contractual choice-of-law provision is binding on the parties as long as it is reasonable and does not violate the forum's fundamental policy"). Under South Dakota law, "use of an accepted credit card or the issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer." S.D. Codified Laws § 54-11-9. South Dakota law also strongly endorses arbitration. *See Rossi Fine Jewelers, Inc. v. Gunderson*, 648 N.W.2d 812, 814 (S.D. 2002) ("If there is doubt whether a case should be resolved by

traditional judicial means or by arbitration, arbitration will prevail."). The Court finds that the Account Agreement, a binding contract between Plaintiff and Citibank, undoubtedly contains a valid arbitration agreement.

Plaintiff argues that she is entitled to discovery on the issue of whether a valid arbitration agreement exists. Plaintiff argues that "there is a material issue as to whether the card agreement provided as an exhibit by the Defendant was, in fact, the card agreement in effect at the time the Plaintiff took out any initial credit card," and thus contends that limited discovery on the issue of the validity of the arbitration agreement is required. (Doc. 61 at 4). The Plaintiff has the burden of showing, with evidentiary support, that an arbitration agreement is invalid. Attempting to cast doubt on the validity of the Account Agreement attached to the sworn Declaration of a Citibank employee (Doc. 55-1 at ¶¶ 4–6) does not meet that burden.

Accordingly, having viewed the evidence and any reasonable inferences therefrom in the light most favorable to Plaintiff as the nonmoving party, the Court finds that the evidence sufficiently demonstrates the parties agreed to arbitration.

**B. The Arbitration Provision applies to this dispute**

Plaintiff's complaint asserts claims against Citibank for violation of the FCRA and for defamation. Citibank argues that these claims fall squarely within the Arbitration Provision's scope.

The Supreme Court has held that, as a matter of federal law, the FAA establishes that any doubts over the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. Therefore, an "order to

7

arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650, 106 S. Ct. 1415, 89 L. Ed. 2d 648 (1986). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

Here, the Arbitration Provision applies to "All Claims (whether based on contract, tort, statute, or any other basis) arising out of or related to your account, a previous related account or our relationship may be arbitrated." (55-1 at PAGEID # 567–68.) The Arbitration Provision includes "Claims made by or against anyone connected with us or you…" (*Id.*) Plaintiff argues that because the disputed charges at issue were allegedly made fraudulently by a third party, the claims do not arise out of her actions. (Doc. 61 at 3–4). This argument misses the mark. Plaintiff has brought two claims against Citibank, a federal statutory claim and a state common law claim. Both claims specifically reference her Citibank Account. (*See* Doc. 47 at ¶¶ 135–37, 141–43). Plaintiff's claims against Citibank are clearly "arising out of or related to" the Account.

Thus, because the Arbitration Provision does not include language excluding Plaintiff's claims and Plaintiff has provided no evidence that such claims were intended to be excluded, Plaintiff's claims fall within the scope of the Arbitration Provision.

**C. Plaintiff's federal statutory claims are arbitrable**

Next, Citibank notes that Plaintiff's statutory FCRA claims may be arbitrated. (Doc. 55 at 12). Courts within the Sixth Circuit have routinely held that FCRA claims

8

can be appropriately resolved through arbitration. *McMahan v. Byrider Sales of Indiana S, LLC*, No. 3:17-CV-00064, 2017 WL 4077013, at *4 (W.D. Ky. Sept. 14, 2017) ("There is no indication that Congress intended to preclude the arbitration of FCRA claims and courts have held that such claims are arbitrable."); *Mann v. Equifax Information Servs.*, No. 12-cv-14097, 2013 WL 3814257, at *9 (E.D. Mich. July 22, 2013) (holding that an arbitration agreement applied to plaintiff's FCRA claim); *Gardner v. Randall Mortg. Servs.*, No. C-2-06-0612, 2007 WL 1432047, at *6 (S.D. Ohio May 14, 2007) (granting motion to compel arbitration of FCRA claims). Accordingly, the Court finds that Plaintiff's FCRA claims are arbitrable.

### D. A stay of the proceedings is warranted

Citibank requests that the Court stay Plaintiff's claims against Citibank pending arbitration. Section 3 of the FAA "requires" a court in which suit has been brought "upon any issue referable to arbitration under an agreement in writing for such arbitration *to stay the court action pending arbitration* once it is satisfied that the issue is arbitrable under the agreement." *See, e.g., Prima Paint Corp.*, 388 U.S. at 400 (emphasis added). Here, the Court has found that Plaintiff's claims against Citibank are arbitrable under the Arbitration Provision of the Account Agreement. Accordingly, a stay of Plaintiff's claims against Citibank is appropriate.

## IV.  CONCLUSION

For the reasons above, Citibank's motion to compel arbitration (Doc. 55) is **GRANTED** and this civil action is **STAYED**.  The parties shall jointly notify the Court promptly upon conclusion of the arbitration with respect to how they intend to proceed.

**IT IS SO ORDERED**.

Date:  10/26/18                                                                                  */s/ Timothy S. Black*
                                                                                                         Timothy S. Black
                                                                                                         United States District Judge